[671 NYS2d 118]

In the Matter of STANLEY M. MEYER (Admitted as STANLEY MARVIN MEYER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 13, 1998

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Stanley M. Meyer,* Brooklyn, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated February 25, 1997, which contained five charges of professional misconduct. In his answer, the respondent admitted most of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report. In opposition to the Grievance Committee's motion, the respondent argues that the evidence adduced at the hearing does not support the Special Referee's conclusions and that the hearing was improper and unfair. In the event that the report is confirmed, the respondent requests additional time to present his case.

Charges One through Five are based on the following factual allegations:

1. In or about the fall of 1993, the respondent consulted with James Powers, who was then under indictment in the Supreme Court, New York County.

2. It was agreed that, in return for a $5,000 retainer, the respondent would review Mr. Powers' criminal case and assist him with some financial matters, including the disposition of real and personal property.

3. An initial payment of $2,500 was made by Mr. Powers, and the balance was to be paid from the proceeds of the sale of a condominium owned by Mr. Powers in Florida.

4. In or about June 1994, Mr. Powers executed a power of attorney, authorizing the respondent to sell his penthouse condominium at Hollywood Beach in Broward County, Florida.

5. The respondent retained the law firm of Kriss & Feit, P. C., which disbursed Mr. Powers' funds as follows:

   a. $3,650 to Kriss & Feit, P. C., for legal fees.

   b. $2,500 to the respondent for the balance of past due legal fees.

   c. $1,829.84 to Stanley Meyer "as attorney".

9. The respondent failed to deposit the $1,829.84 entrusted to him "as attorney" into a special, trust, or escrow account.

10. The respondent failed to turn over the proceeds to Mr. Powers despite several requests.

11. The respondent used the $1,829.84 entrusted to him as a fiduciary for his own purposes.

12. Following Mr. Powers' filing of a complaint with the Grievance Committee for the Tenth Judicial District, an investigation of the respondent's alleged misconduct was commenced.

13. On or about September 26, 1995, the respondent testified at an investigative appearance conducted by counsel to the Grievance Committee.

14. At the investigative appearance, the respondent gave deliberately false and misleading testimony to the effect that his personal use of the $1,829.84 had been authorized by Mr. Powers.

Charge One alleges that, based on factual allegations 1 through 11, the respondent converted funds entrusted to him and engaged in conduct involving dishonesty, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (B) (22 NYCRR 1200.3 [a] [4]; 1200.46 [b]).

Charge Two alleges that, based on factual allegations 12 through 14, the respondent engaged in conduct involving dishonesty, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleges that, based on factual allegations one through 11, the respondent commingled his own funds with funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Four alleges that, based on factual allegations 1 through 11, the respondent failed to promptly pay or deliver to his client funds in his possession that the client was entitled to receive, in violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]).

Charge Five alleges that, based on factual allegations 1 through 14, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In his answer, the respondent admitted most of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including that he offered to repay Mr. Powers at the hearing, that he was in a depressed state of mind when he made his investigative appearance at the Grievance Committee's office, and that he has 37 years of experience as a criminal defense lawyer and Assistant District Attorney.

The respondent's prior disciplinary history consists of a private reprimand that was issued by the Appellate Division of the Supreme Court, First Judicial Department, on May 10, 1994, for the respondent's conviction in April 1991 of two counts of willfully failing to file a tax return.

Under the totality of circumstances, the respondent is disbarred for his acts of professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley M. Meyer, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stanley M. Meyer shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, Stanley M. Meyer is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.