[717 NYS2d 380]

In the Matter of STANLEY M. MEYER (Admitted as STANLEY MARVIN MEYER), a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 26, 2000

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Stanley M. Meyer,* Brooklyn, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 25, 1959, under the name Stanley Marvin Meyer. By opinion and order of this Court dated April 13, 1998 (241 AD2d 272), the respondent was disbarred and the Grievance Committee thereafter moved to hold him in contempt based upon his contumacious refusal to comply with the order of disbarment.

The motion to hold the respondent in contempt arises from his appearance in the Supreme Court, Kings County, on February 4, 1999, in the matter of *People v Muchnik,* after he had been disbarred. The disbarment order of April 13, 1998 was effective immediately and directed the respondent, *inter alia,* to refrain from practicing law in any form, and from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority. That order was personally served upon the respondent on April 27, 1998. There is no evidence that the respondent filed an affidavit of compliance with this Court. The respondent's motion to the Court of Appeals for leave to appeal from the disbarment order was dismissed as untimely by order of the Court of Appeals dated August 31, 1998 (92 NY2d 890).

In conjunction with its order to show cause to punish the respondent for criminal contempt of court, pursuant to Judiciary Law § 750 (A) (3), the Grievance Committee served the respondent with a specification of contempt charges, dated February 25, 1999. The specification charges that on February 4, 1999,

the respondent appeared in the Supreme Court, Kings County, in the matter of *People v Muchnik* (Indictment No. 4065/98). The respondent filed a notice of appearance as retained counsel and participated in the plea proceeding and sentencing of his client before the Honorable Sheryl Parker, Acting Justice of the Supreme Court.

The Grievance Committee charges that the respondent's action constituted willful disobedience of the lawful mandate of the Court.

At the hearing before Special Referee Groh on October 20, 1999, the respondent fully admitted the conduct upon which the motion to hold him in contempt is based:

> "Now, I'm going to tell you what happened. There is really no dispute. There was a defendant by the name of Valerie Muchnik, he was apparently charged with violation of probation, and he was brought before Judge Singer—Judge Pinkis in Brooklyn, and he pleaded guilty and Judge Pinkis * * * No, it was a violation of probation. They called me. I didn't go to court. I went to represent him.

> "Judge Pinkis took a plea of guilty and ordered him sentenced to 30 days or whatever it is. And there was a second violation of probation which was a violation of Judge Case, which was on I think the next day or two days later. And I got a call would I come to court to handle that second one. And they said to me, because the judge said in the minutes that he didn't care on the second one if they gave him concurrent time the same time, so it was an important thing.

> "And I shouldn't have gone, but I went. I went as a favor to the defendant and all of his friend [sic] because they all bothered me. And I went to court and appeared in front of Judge Parker. I was given a copy by the clerk, a copy of the minutes of Judge Pinkis' plea in which he said I don't care if they don't give him any more time, and I was given a copy of the specification of violation of probation. A copy of the specification, I have extra copies. I can give you that. A copy of the minutes I don't have. I have the minutes, but today I'll make a copy and send it to you and Mr. Saltzman.

"So I said okay. And they told me if you don't take this plea, and we have to appoint a lawyer, it's going to take two weeks and the defendant is going to lose an extra two weeks, but if you take the plea, he will get sentenced right now to the same time. And so I did it. And I filed a notice of appearance, and I think you have the minutes of what I said.

"I did it. I admit I did it. It was a mistake, it was bad judgment. I'm sorry. I apologize to you, to the Appellate Division, to everybody. But it was not a contumacious contempt.

"First of all, I helped the defendant, secondly I aided the court in the administration of justice by getting this case over with."

The evidence conclusively establishes that the respondent knowingly and willfully appeared in the Supreme Court and filed a notice of appearance as retained counsel at a time when he knew he had been disbarred by this Court.

The respondent now moves, *inter alia*, to reject the report of Special Referee Groh on the grounds that the facts outlined therein are grossly incorrect and that the report is silent as to the key issue it was to decide, i.e., whether or not the respondent was in contempt of the disbarment order and, if so, whether it was of a contumacious nature. The respondent also seeks to modify the disbarment order to reduce the discipline imposed to suspension for two years. The Grievance Committee cross-moves to confirm the Special Referee's report and to impose sanctions for criminal contempt.

Based on the evidence adduced, we find that the Grievance Committee established that the respondent is guilty of willful and contumacious contempt of an order of this Court. The respondent's motion to reject the report of the Special Referee and to modify the sanction of disbarment to a two-year suspension is denied in its entirety. The Grievance Committee's cross motion to confirm the Special Referee's report and to impose a sanction upon the respondent for his criminal contempt of court is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent with respect to his poor health and financial situation. Nevertheless, he is adjudged guilty of criminal contempt of court in violation of Judiciary Law § 750 (A) (3) for failing to comply with an order of disbarment, and is fined the sum of

$1,000. In the event the respondent fails to pay the fine imposed, he is sentenced to a term of imprisonment of 30 days.

MANGANO, P. J., BRACKEN, O'BRIEN, S. MILLER and FLORIO, JJ., concur.

Ordered that the respondent's motion to reject the report of the Special Referee and for a downward modification of the sanction of disbarment is denied, and the petitioner's cross motion to confirm the Special Referee's report and to impose a sanction for criminal contempt of court is granted; and it is further,

Adjudged that the respondent is guilty of criminal contempt of court by reason of his willful and contumacious disobedience of the opinion and order of this Court, dated April 13, 1998; and it is further,

Ordered and Adjudged that upon his adjudication of criminal contempt of court, the respondent is fined the sum of $1,000; and it is further,

Ordered that within 30 days after the service upon him of a copy of this Court's decision, order, and judgment, the respondent shall deposit in the office of the Clerk of this Court, a check in the sum of $1,000 made payable to the Office of the State Comptroller; and it is further,

Ordered that in the event the respondent shall neglect or fail to timely pay the fine as directed, he is sentenced to a term of 30 days imprisonment, and a warrant of commitment shall issue accordingly; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve a copy of this opinion, order, and judgment upon counsel for both parties by regular mail.